ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 
 *
 

 | petitioner, Robert C. Basinger, sat for the February 2010 Louisiana bar examination. By letter dated February 17, 2010, the Committee on Bar Admissions (“Committee”) advised petitioner that it could not certify his character and fitness to this court, citing issues relating to his diagnosed alcohol dependency. Petitioner then applied to this court. We denied the application as premature, but provided “[u]pon satisfactorily passing the bar examination, petitioner may apply to this court for the appointment of a commissioner in accordance with Supreme Court Rule XVII, § 9, to take evidence and report to this court as to whether petitioner has the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana.”
 
 In re: Basinger,
 
 10-0627 (La.5/4/10), 33 So.3d 893. Subsequently, petitioner successfully passed the bar examination and now applies to this court for appointment of a commissioner. The Committee opposed the petition, asserting that petitioner has not executed a recovery agreement with the Lawyers Assistance Program (LAP), nor has he demonstrated at least one year of sobriety.
 

 Although our order of May 4, 2010 permitted petitioner to seek the appointment of a commissioner, we find no useful purpose would be served by appointing a commissioner under the facts of this case. Our jurisprudence holds that an applicant suffering from alcohol dependence will not be considered for admission [2until he or she has entered into a recovery contract with LAP and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract.
 
 See, e.g., In re: Gulick,
 
 09-0869 (La.5/15/09), 8 So.3d 555 (“[pjursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not re-apply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Pro
 
 *158
 
 gram, and in no event less than one year from the date of this judgment”). Because petitioner has not satisfied these requirements, he is not eligible for admission at this time.
 

 Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he has executed a recovery contract with LAP and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract.
 

 ADMISSION DENIED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.