ON APPLICATION FOR ADMISSION TO THE BAR.
 

 PER CURIAM.
 
 *
 

 | jOn his application to sit for the Louisiana Bar Examination, petitioner, Tyler
 
 *606
 
 Gray, disclosed that he has been diagnosed as alcohol dependent. After petitioner successfully passed the bar exam, he and the Committee on Bar Admissions (“Committee”) filed a joint petition for conditional admission, in which it was represented that petitioner has maintained sobriety for the last two years. Nevertheless, the parties acknowledged that petitioner did not execute a recovery agreement with the Lawyers Assistance Program (LAP) until January 15, 2011.
 

 Our jurisprudence holds that an applicant suffering from alcohol dependence will not be considered for admission until he or she has demonstrated at least a one-year period of sobriety, has entered into a recovery contract with LAP, and has complied with the terms and conditions of that contract.
 
 [1]
 

 See, e.g., In re: Gulick, 09-0869
 
 (La.5/15/09), 8 So.3d 555 (“[pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not re-apply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program, and in no event less than one year 12irom the date of this judgment”). Because petitioner has not satisfied these requirements, he is not eligible for admission at this time.
 

 Accordingly, it is ordered that the joint petition for conditional admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may. not re-apply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program.
 

 ADMISSION DENIED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . We acknowledge petitioner has produced some anecdotal evidence of sobriety. However, in cases of alcohol dependence, the minimal one year period of sobriety must be established through objective means, such as a LAP contract or other approved rehabilitation procedures which include random testing and consistent monitoring.