ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 
 *
 

 hOn his application to sit for the Louisiana Bar Examination, petitioner, Benjamin D. James, II, disclosed that he has been diagnosed as alcohol dependent and opioid dependent. After petitioner successfully passed the bar exam, he filed a petition seeking admission to the bar, in which it was represented that petitioner has maintained sobriety since 2005. Nevertheless, petitioner acknowledged that he did not execute a recovery agreement with the Lawyers Assistance Program (LAP) until May 31, 2011.
 

 Our jurisprudence holds that an applicant suffering from substance dependence will not be considered for admission until he or she has demonstrated at least a one-year period of sobriety, has entered into a recovery contract with LAP, and has complied with the terms and conditions of that contract.
 
 See, e.g., In re: Basinger,
 
 10-2355 (La.12/17/10), 50 So.3d 157 (“[o]ur jurisprudence holds that an applicant suffering from alcohol dependence will not be considered for admission until he or she has entered into a recovery contract with LAP and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract”);
 
 In re: Gulick,
 
 09-0869 (La.5/15/09), 8 So.3d
 
 *429
 
 555 (“[pjursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and 1 ¡.conditions of his contract with the Lawyers Assistance Program, and in no event less than one year from the date of this judgment”). Because petitioner has not satisfied these requirements, he is not eligible for admission at this time.
 
 [1]
 

 Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program.
 

 ADMISSION DENIED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . We acknowledge petitioner has produced documentation of his sobriety covering the period from 2005 to 2007. However, the time period after 2007 is merely supported by the anecdotal evidence we rejected in
 
 In re: Gray,
 
 11-0847 (La.5/4/11), 60 So.3d 605.