ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
|TOn his application to sit for the Louisiana Bar Examination, petitioner, Charles L. McCollum, disclosed numerous delinquent financial obligations. He also revealed his diagnosis of and treatment for substance dependence and depression. After petitioner successfully passed the bar exam, he filed a petition seeking admission to the bar, in which it was represented that he has taken steps to address his past-due debt. Petitioner further represented that he has maintained sobriety since 2009. Nevertheless, petitioner acknowledged that he did not execute a recovery agreement with the Lawyers Assistance Program (LAP) until July 15, 2011.
Our jurisprudence holds that an applicant suffering from substance dependence will not be considered for admission until *417 he or she has demonstrated at least a one-year period of sobriety, has entered into a recovery contract with LAP, and has complied with the terms and conditions of that contract.[1] Because petitioner has not satisfied these requirements, he is not eligible for admission at this time.[2]
| 2Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program. Furthermore, to address the concerns relating to his delinquent debt, if and when petitioner reapplies for admission, he must submit evidence demonstrating that he has made a good faith effort to satisfy his financial obligations.
ADMISSION DENIED.

 Chief Justice Kimball not participating in the opinion.

. See, e.g., In re: James, 11-1131 (La.6/22/11), 66 So.3d 428; In re: Basinger, 10-2355 (La. 12/17/10), 50 So.3d 157; In re: Gulick, 09-0869 (La.5/15/09), 8 So.3d 555.

. Petitioner has submitted some documentation to establish a period of sobriety prior to entering into his contract with LAP. However, this is insufficient to meet his burden of proof, as there is no objective evidence of a "rehabilitation procedure!] which include[s] random testing and consistent monitoring.” See In re: Gray, 11-0847, fn.1 (La.5/4/11), 60 So.3d 605.