*800 ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
[jOn her application to sit for the Louisiana Bar Examination, petitioner, Emma DiAnna, disclosed that she has been diagnosed as alcohol dependent. After petitioner successfully passed the bar exam, she filed a petition seeking admission to the bar, in which it was represented that petitioner has maintained sobriety since 2009. Nevertheless, there is no indication in the petition that petitioner has executed a recovery agreement with the Lawyers Assistance Program (LAP).
Our jurisprudence holds that an applicant suffering from substance dependence will not be considered for admission until he or she has demonstrated at least a one-year period of sobriety, has entered into a recovery contract with LAP, and has complied with the terms and conditions of that contract. See, e.g., In re: Basinger, 10-2855 (La.12/17/10), 50 So.3d 157 (“[o]ur jurisprudence holds that an applicant suffering from alcohol dependence will not be considered for admission until he or she has entered into a recovery contract with LAP and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract”); In re: Gulick, 09-0869 (La.5/15/09), 8 So.3d 555 (“[pjursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program, and in no event less than one year from the date of this | judgment”). Because petitioner has not satisfied these requirements, she is not eligible for admission at this time.[1]
Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until she has signed a recovery agreement with LAP and can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of that agreement.
ADMISSION DENIED.

 Chief Justice Kimball not participating in the opinion.

. We acknowledge that petitioner has submitted some anecdotal evidence of sobriety. However, such documentation is insufficient to meet her burden of proof. See In re: Gray, 11-0847 (La.5/4/11), 60 So.3d 605.