PER CURIAM.
|!Petitioner, Christopher D. Lane, successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions declined to certify him for admission to the bar based upon character and fitness concerns relating to his diagnosis of substance dependence and his record of drug- and alcohol-related criminal charges. Petitioner then applied to this court for admission.
Our jurisprudence holds that an applicant suffering from substance dependence will not be considered for admission until he or she has entered into a recovery contract with the Lawyers Assistance Program (“LAP”) and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract.[1] Furthermore, the applicant must comply with any treatment recommendations made by the LAP evaluator.[2] If either of these conditions is not met, the applicant cannot be admitted. |2In the instant case, petitioner has been diagnosed as substance dependent, necessitating his execution of a contract with LAP and a one-year period of monitored sobriety under the agreement. In addition, the LAP evaluator recommended that petitioner obtain inpatient substance abuse treatment, but there is no indication that he has complied with this recommendation. Therefore, petitioner is not eligible for admission at this time.
Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he has demonstrated compliance with the requirements imposed upon him by the Committee on Bar Admissions and the Lawyers Assistance Program, including, but not limited to, enrollment in a long-term inpatient treatment program, execution of the recommended LAP agreement, and compliance with the terms and conditions of that agreement for at least one year.
ADMISSION DENIED.

. See, e.g., In re: Basinger, 10-2355 (La.12/17/10), 50 So.3d 157 ("[o]ur jurisprudence holds that an applicant suffering from alcohol dependence will not be considered for admission until he or she has entered into a recovery contract with LAP and can demonstrate at least a one-year period of sobriety pursuant to the terms and conditions of that contract”); In re: Gulick, 09-0869 (La.5/15/09), 8 So.3d 555 ("[p]ursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not re-apply for admission until he can demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program, and in no event less than one year from the date of this judgment”).

. See, e.g., In re: Poche, 10-1311 (La.6/30/10), 39 So.3d 583 ("Granted. Petitioner is allowed to take the Louisiana State Bar Examination. However, petitioner shall not be considered for admission to the bar until he can demonstrate compliance with the requirements imposed upon him by the Committee on Bar Admissions and the Director of the Lawyers Assistance Program, including, but not limited to, execution of the recommended Recovery Agreement.”).